AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 03 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

UNITED STATES OF AMERICA
V.
Bruce Ray Noyes

***AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 2:06CR02116-003

USM Number: 11591-085

J. Adams Moore
Defendant's Attorney

Date of Amended Judgment 5/19/2008

☑ ***Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)
☑ **Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 331(k) | Conspiracy to Misbrand a Drug While Held for Sale | 10/20/05 | 1sss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  All Remaining Counts   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/13/2008
Date of Imposition of Judgment

*Edward F. Shea*
Signature of Judge

The Honorable Edward F. Shea         Judge, U.S. District Court
Name and Title of Judge

June 3, 2008
Date

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page **2** of **7**

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

## PROBATION

The defendant is hereby sentenced to probation for a term of:   5 year(s)

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
               Sheet 4C — Probation

Judgment—Page **3** of **7**

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

## SPECIAL CONDITIONS OF SUPERVISION

14. Defendant shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal income tax returns. Defendant shall disclose all assets and liabilities to the supervising probation officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising probation officer.

15. Defendant shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising probation officer. In order to obtain approval, defendant must be current with the Court-established restitution payment schedule.

16. Defendant shall surrender or make available for review, any documents and/or business records, requested by the supervising probation officer.

17. Defendant shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. Defendant shall warn persons with whom defendant shares a residence that the premises may be subject to search.

18. Defendant shall disclose to the supervising probation officer all businesses of any kind, in which you have any measure of control, operation, or financial interest.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page **4** of **7**

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $25.00 | $187,410.50 | $312,589.50 |

☑ The determination of restitution is deferred until 4/30/2008. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ***Dave Adams | $719.40 | $719.40 | First |
| ***Arwana Farms | $239.80 | $239.80 | Second |
| ***John Baldwin | $4,218.97 | $4,218.97 | Third |
| ***Cascade Feeders | $221.20 | $221.20 | Fourth |
| Harrold Bros Dairy | $440.00 | $440.00 | Fifth |
| ***Maxine Haumont | $2,064.00 | $2,064.00 | Sixth |
| ***John Lopes | $476.40 | $476.40 | Seventh |
| ***Para Livestock | $10,394.11 | $10,394.11 | Eighth |
| *** Reata Ranch | $211.75 | $211.75 | Ninth |
| ***Neal Schoen | $2,996.38 | $2,996.38 | Tenth |
| **TOTALS** | $ 312,589.50 | $ 312,589.50 | |

☑ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5A — Criminal Monetary Penalties

Judgment—Page 5 of 7

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Clerk will pay the received restitution to the claimants in alphabetical order until each claimant in succession is paid in full the amount due by this Order with the exception of Curtis Feedlot, Mark Arnstein, LLC, and Van de Graaf Ranches; these entities will be paid a proportionate amount of each restitution payment as received after all other claimants are paid in full.

Pursuant to 18 U.S.C. § 3571(c)(5) and 21 U.S.C. § 333(a)(1), the Court imposes a fine of $187,410.50 jointly and severally against Defendants. This fine shall be paid according to the same payment schedule set forth above but after all the claimants are paid in full. The fine imposed constitutes the balance of the $500,000.00 after restitution payments as ordered by the Court.

Payments regarding restitution owing to victim Van De Graaf:

Van De Graaf Ranches
Make check payable to Van De Graaf Ranches, Re: Noyes/API payment.
Mail to:
Lawrence E. Martin
Velikanje Halverson, P.C.
P.O. Box 22550
Yakima, WA. 98907

Payments regarding restitution owing to victim Mark Arstein:
Make check payable to Lukins and Annis, Re: Mark Arstein, L.L.C..; Noyes/API payment
Mail to:
Lukins and Annis Law Firm
Attn: Trevor Pincock, Attorney
717 W. Sprague
Spokane, WA. 99201

Payments regarding restitution owing to victim Curtis Feed Lot:
Make check payable to Curtis Feedlot, Re: Noyes/API payment
Mail to:
Toni Meacham, Attorney
Attorney Law Firm
1420 Scootney Road
Connell, WA 99326

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page 6 of 7

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ***Kurt Spencer | $2,113.70 | $2,113.70 | Eleventh |
| ***Noe Valencia | $322.31 | $322.31 | Twelfth |
| ***Jane Whetzel | $129.48 | $129.48 | Thirteenth |
| ***Van De Graaf Ranches | $53,107.36 | $53,107.36 | See Page 5 above |
| ***Mark Arstein | $95,136.92 | $95,136.92 | See Page 5 above |
| ***Curtis Feedlot | $139,797.72 | $139,797.72 | See Page 5 above |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: Bruce Ray Noyes
CASE NUMBER: 2:06CR02116-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Beginning September 1, 2008 defendant shall pay jointly and severally restitution to the Clerk of the Court as follows:
$3,000.00 each month for the first year
$5,000.00 each month for the second year
$8,000.00 each month for the third year
$13,833.33 each month thereafter until the total payments amount to $500,000.00.  Also see Additional Terms on Page 5.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

CR-06-2116-EFS-03, Animal Pharm          $312,589.50      $187,410.50      500,000.00

$312,589.50 for restitution and

$187,410.50 for fine  Total: $500,000.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.